

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-76,252-02

### EX PARTE BRIAN SKOLNIK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. S-08-3093CR-HC-2 IN THE 36TH DISTRICT COURT
### FROM SAN PATRICIO COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with murder. While he originally pleaded "not guilty" and proceeded to trial by jury, immediately after the State rested he changed his plea to "guilty." Following a punishment trial, he was sentenced to forty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Skolnik v. State*, No. 13-09-00058-CR (Tex. App. — Corpus Christi–Edinburg, July 15, 2010) (not designated for

publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel failed to prepare a defensive strategy, failed to make an opening statement, failed to present any witnesses, failed to object to false testimony by the State's witnesses, failed to request a mistrial when juror misconduct came to light, advised Applicant that there was no money to pay for a defense expert witness, and coerced Applicant into changing his plea after the State rested. Applicant also alleges that his original trial counsel, who developed medical issues and had to withdraw from the representation failed to inform Applicant that he had terminal brain cancer, and advised Applicant to reject pre-trial plea offers, telling him that the case could be won at trial because the State lacked evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the record with a copy of the trial docket or any other

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

documents showing when Applicant's original counsel withdrew from the representation and when a new attorney was appointed or retained. The trial court shall make findings as to whether the State made any pre-trial plea offers, and if so, whether Applicant rejected such offers on the record or in writing. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish